UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
Danny Lou,                                                  :
                                                            :
                    Petitioner,                            :
                                                            :
              - against-                                 :      **OPINION**
                                                            :
                                                            :      09 Civ. 3129 (RLC)
UNITED STATES                                               :
                                                            :
                                                            :
                    Respondent.                            :
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X

APPEARANCES

Danny Lou
Federal Correctional Institution
P.O. Box 2000
Fort Dix, New Jersey 08640
Pro Se

Ryan Poscablo, Esq.
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, New York 10007
Attorney for Respondent

ROBERT L. CARTER, District Judge

Danny Lou ("Lou" or "Petitioner") submits this pro se motion for an order reducing his sentence pursuant to a writ of error *coram nobis* and/or a writ of *audita querela*. For the reasons set forth below, Petitioner's motions are denied in their entirety.

## I. Background

In October 1998, Petitioner Danny Lou pleaded guilty to Count One, racketeering in violation of 18 U.S.C. § 1962(c), and Count Two, using and carrying a firearm during and in relation to crimes of violence in violation of 18 U.S.C. § 924(c). Lou was sentenced to 240 months on Count One and 60 months on Count Two, to be served consecutively, as well as three years of supervised release. Lou filed a Notice of Appeal with the Second Circuit and then a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The Second Circuit affirmed the conviction in December 2000. Lou filed the instant motion on or about January 30, 2009.

Lou now moves for a writ of *coram nobis* and/or *audita querela*, arguing that this court's imposition of a consecutive 60 month sentence pursuant to 18 U.S.C. § 924(c)(1)(A) for his Count Two use of a firearm runs afoul of the express language of that statute as construed in the Second Circuit's recent decisions in United States v. Williams, 558 F.3d 166 (2d Cir. 2009), and United States v. Whitley, 529 F.3d 150 (2d Cir. 2008).

## II. Discussion

### *Audita Querela*

Petitioner filed the instant writ of *audita querela* in order to attack the validity of his sentence pursuant to Whitley, 529 F.3d 150. Even assuming arguendo that the writ of

*audita querela*[1] is available to Petitioner, see United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (holding that *audita querela* may be available "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues"), Lou cannot avail himself of the holding in Whitley.

In Whitley, the Second Circuit held that the "except" clause in 18 U.S.C. § 924(c) "means what it literally says, i.e., that a § 924(c) mandatory minimum consecutive sentence does not apply where a *greater minimum sentence* is otherwise provided by…*any other provision of law*." United States v. Parker, No. 08-4199, 2009 WL 2481985, at *2 (2d Cir. Aug. 14, 2009) (internal citation and quotations omitted) (emphasis added).

Citing the Second Circuit's decisions in Williams[2] and Whitley, Lou argues the court erred in concluding that it was required by 18 U.S.C. § 924(c) to impose a consecutive prison term of 60 months on Count Two of his case. The government argues that Count One, racketeering, in violation of 18 U.S.C. § 1962(c), does not carry a mandatory minimum sentence, rather it carries a statutory maximum sentence of 20 years, thus not implicating Whitley.

The imposition of a consecutive 60-month sentence pursuant to 18 U.S.C. § 924(c) does not implicate the rule established by Whitley because the predicate offense

---

[1] "Though formally abolished in civil cases, see Fed.R.Civ.P. 60(b), the writs of error *coram nobis* and *audita querela* remain available in very limited circumstances with respect to criminal convictions." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). *Audita querela* is a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." BLACK'S LAW DICTIONARY 141 (8th ed. 2004). It "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." LaPlante, 57 F.3d at 253.

[2] In Williams, the Second Circuit construed Whitley to compel the identification of plain error in the imposition of a mandatory consecutive five-year sentence pursuant to § 924(c) because the underlying drug crime carried a higher ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A). See Williams, 558 F.3d at 170.

3

for the § 924(c) conviction, racketeering in violation of 18 U.S.C. § 1962(c), did not give rise to a mandatory minimum sentence, let alone a "greater minimum sentence" than that provided by § 924(c).  See Parker, 2009 WL 2481985, at *4.  Therefore, Whitley does not apply and the court properly sentenced Lou to a consecutive 60-months.

### *Coram Nobis*

Petitioner seeks an order reducing his 300 month sentence for Counts One and Two pursuant to a writ of error *coram nobis* to prevent a manifest injust.  "*Coram nobis* is an extraordinary remedy authorized under the All Writs Act, 28 U.S.C. § 1651(a), generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence."  Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005) (internal citation and quotations omitted).

The writ of *coram nobis* is available "to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of [section] 2255. The petitioner must show that he is suffering from continuing consequences of the allegedly invalid conviction." United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir.1989) (quoting United States v. Morgan, 346 U.S. 502, 512-13 (1954)).  *Coram nobis* relief is available to those who can demonstrate a concrete threat of serious harm stemming from petitioner's conviction, Eubanks v. United States, No. 97 Civ. 3891(PKL), 2008 WL 3200162, at *5 (S.D.N.Y. Aug. 7, 2008),  and that direct or collateral relief by means of writ of habeas corpus is unavailable. Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998).

Lou is still in custody.  He attacks only the sentence that he is serving, not the validity of his conviction.  Moreover, he does not argue that there were factual errors at

4

his trial that were material to the validity and regularity of that proceeding. Instead, he argues that the court misapprehended its authority to run his sentences concurrently, instead of consecutively. Thus, even if the writ of *coram nobis* were available in this case due to the lack of any statutory avenue for post-conviction relief, petitioner has neither satisfied the requirements for relief nor demonstrated circumstances that warrant the use of such an extraordinary remedy.

Petitioner is free to move to vacate pursuant to Section 2255 and provide reasons for the tolling of the statute of limitations.

### III. Conclusion

For the reasons stated above, Petitioner's motions are denied in their entirety.

**IT IS SO ORDERED.**

DATED: New York, New York
September 14, 2009

**ROBERT L. CARTER**
**U.S.D.J.**

5